UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

-vs-

D-1  HOLLIE E. MAJEWSKI,
D-2  CHRISTOPHER Z. MAJEWSKI,
D-3  EDDIE ORAH, and
D-4  AUSTIN GOMAN,

        Defendants.
_____/

Case: 5:09-cr-20297
Judge: O'Meara, John Corbett
MJ: Morgan, Virginia M
Filed: 07-02-2009 At 04:03 PM
INDI USA V. SEALED MATTER (DA)

VIO:  18 U.S.C. § 371
       18 U.S.C. § 2314

## INDICTMENT

THE GRAND JURY CHARGES:

### GENERAL ALLEGATIONS

1. HOLLIE E. MAJEWSKI and CHRISTOPHER Z. MAJEWSKI. wife and husband, owned, operated, and controlled several business entities based in St. Clair County, Michigan, including

    GREAT LAKES DISTRIBUTION AND BROKERAGE, LLC,

    GLOBAL POSITIONING CONSULTANTS, LLC,

    DIVERSIFIED GLOBAL MANAGEMENT, LLC,

CREATIVE PRECISION, LLC, and

LEGENDS PERFORMANCE, LLC.

The offices of these Michigan limited liability companies were located in Algonac, Marine City, and Ira Township, Michigan.

### COUNT ONE
(18 U.S.C. § 371 – Conspiracy to Transfer
Money Taken by Fraud in Interstate Commerce)

D-1   HOLLIE E. MAJEWSKI
D-2   CHRISTOPHER Z. MAJEWSKI

2.  Spartan Finance Company was based in Oakland County, Michigan, and owned and operated by Donald L. Foehr. Spartan Finance factored the accounts receivable of a number of businesses. Factoring is a form of commercial finance in which a business sells its accounts receivable (in the form of invoices) at a discount to the factor company, in this case, Spartan Finance. This allows the business to obtain cash immediately for its accounts receivable and avoid the risk of late payment or non-payment by its customers.

3.  In April 2003, Spartan Finance and GREAT LAKES DISTRIBUTION AND BROKERAGE, LLC, entered into an Accounts Receivable Purchase Agreement, which was signed by Donald Foehr and HOLLIE MAJEWSKI. The Agreement was personally guaranteed by HOLLIE E. MAJEWSKI and CHRISTOPHER Z. MAJEWSKI.

Under the Agreement, Spartan Finance would purchase the accounts receivable of GREAT LAKES at a discount from their face value. GREAT LAKES represented that "each account receivable" purchased by Spartan Finance was "based on an actual sale and delivery of goods" and "is presently due and owing to Seller," i.e., to GREAT LAKES. The accounts receivable of GREAT LAKES took the form of GREAT LAKES invoices addressed to its customers.

4. From approximately August 2003 through approximately November 2004, the exact dates being unknown, the GREAT LAKES invoices sold to Spartan Finance and provided to Donald Foehr by HOLLIE E. MAJEWSKI and CHRISTOPHER Z. MAJEWSKI were fictitious, as HOLLIE E. MAJEWSKI and CHRISTOPHER Z. MAJEWSKI well knew.

5. During the same period, HOLLIE E. MAJEWSKI and CHRISTOPHER Z. MAJEWSKI, defendants herein, did conspire with each other to transfer and cause to be transferred in interstate and foreign commerce money having an aggregate value of more than $5,000.00, in the form of wire transfers and checks, knowing that the money had been obtained by fraud.

## Overt Acts

6. On or about May 10, 2004, for the purpose of furthering the conspiracy, HOLLIE E. MAJEWSKI signed a wire transfer authorization that authorized Citizens First Savings Bank, at which a checking account was maintained in the name of

GREAT LAKES, to transfer $12,121.40 by wire to an account of Pasta Granoro at Banca Intessa in the Country of Italy.

7. On or about June 23, 2004, for the purpose of furthering the conspiracy, HOLLIE E. MAJEWSKI prepared or caused to be prepared a GREAT LAKES check in the amount of $8,561.09 payable to Fernbrook [Springs] and caused that check to be sent to Fernbrook Spings, a business located in the Province of Ontario.

8. On or about July 14, 2004, for the purpose of furthering the conspiracy, HOLLIE E. MAJEWSKI prepared or caused to be prepared a GREAT LAKES check in the amount of $10,202.00 payable to 3 Springs Water Co. and caused that check to be sent to 3 Springs Water Co., a business located in the State of Pennsylvania.

9. On or about July 21, 2004, for the purpose of furthering the conspiracy, HOLLIE E. MAJEWSKI prepared or caused to be prepared a GREAT LAKES check in the amount of $10,370.00 payable to 3 Springs Water Co. and caused that check to be sent to 3 Springs Water Co., a business located in the State of Pennsylvania.

10. On or about July 21, 2004, for the purpose of furthering the conspiracy, HOLLIE E. MAJEWSKI signed a wire transfer authorization that authorized Citizens First Savings Bank, at which a checking account was maintained in the name of GREAT LAKES, to transfer $10,000.00 by wire to an account of Joe Zrostlik –

QCSA at First Central Bank in the State of Iowa.

11. On or about July 28, 2004, for the purpose of furthering the conspiracy, HOLLIE E. MAJEWSKI prepared or caused to be prepared a GREAT LAKES check in the amount of $10,584.00 payable to 3 Springs Water Co. and caused that check to be sent to 3 Springs Water Co., a business located in the State of Pennsylvania.

12. On or about August 16, 2004, for the purpose of furthering the conspiracy, HOLLIE E. MAJEWSKI prepared or caused to be prepared a GREAT LAKES check in the amount of $15,000.00 payable to 3 Springs Water Co. and caused that check to be sent to 3 Springs Water Co., a business located in the State of Pennsylvania.

13. On or about August 31, 2004, for the purpose of furthering the conspiracy, HOLLIE E. MAJEWSKI prepared or caused to be prepared a GREAT LAKES check in the amount of $6,186.00 payable to 3 Springs Water Co. and caused that check to be sent to 3 Springs Water Co., a business located in the State of Pennsylvania.

All in violation of Sections 371 and 2314 of Title 18 of the United States Code.

## COUNT TWO
### (18 U.S.C. § 2314 – Travel Fraud)

D-1   HOLLIE E. MAJEWSKI
D-2   CHRISTOPHER Z. MAJEWSKI
D-3   EDDIE ORAH
D-4   AUSTIN GOMAN

14. Port Harcourt Consulting Group, LLC (Port Harcourt) was an Ohio limited liability company based in Toledo, Ohio. Gift Ngo, a resident of Lucas County, Ohio, was a principal of Port Harcourt.

15. THE GOMAN GROUP, INC. was a Michigan corporation based in Southfield, Michigan. AUSTIN GOMAN was a principal of the GOMAN GROUP.

16. HOLLIE E. MAJEWSKI, CHRISTOPHER Z. MAJEWSKI, EDDIE ORAH, and AUSTIN GOMAN, defendants herein, devised and participated in a scheme to defraud Gift Ngo and Port Harcourt and obtain money by means of false and fraudulent pretenses and representations.

17. It was a part of the scheme that one or more of the defendants would represent to Gift Ngo that funds were needed to obtain a letter of credit to back the purchase of 20,000 metric tons of diesel fuel; that the 20,000 metric tons of diesel fuel was part of a shipment of 50,000 metric tons of diesel fuel being shipped from Russia to Nigeria; that the 20,000 metric tons would be sold by GLOBAL POSITIONING CONSULTANTS to Port Harcourt at $430.00 per metric ton; that Port Harcourt in turn would sell the fuel to a buyer secured by the GOMAN

GROUP at $490.00 per metric ton; and that Gift Ngo and Port Harcourt would profit from the spread.

18. It was also a part of the scheme that one or more of the defendants would represent to Gift Ngo that the letter of credit was to be in the amount of $9.8 million (which is $490.00 per metric ton multiplied by 20,000 metric tons), and that the cost of securing the letter of credit, or performance bond, would be two percent of $9.8 million, or $196,000.00.

19. It was also a part of the scheme that Gift Ngo and EDDIE ORAH would sign an Agreement that stated, among other things, "If the transaction did not go through Mr Ngo will contact Orah and Orah agrees to refund $196,000 within 7 days of the notice through phone call or letter."

20. It was also a part of the scheme that Gift Ngo would provide to EDDIE ORAH a check payable to EDDIE ORAH dated April 11, 2007, in the amount of $196,000.00, drawn on the checking account of Port Harcourt.

21. It was also a part of the scheme that there would be no shipment of 50,000 metric tons of diesel fuel from Russia to Nigeria as had been represented to Gift Ngo.

22. It was also a part of the scheme that the $196,000.00 would not be used to secure a $9.8 million letter of credit, and that it would not be returned to Gift Ngo.

23. HOLLIE E. MAJEWSKI, CHRISTOPHER Z. MAJEWSKI, EDDIE ORAH, and AUSTIN GOMAN, defendants herein, having devised a scheme to defraud Gift Ngo and Port Harcout and obtain money having a value of over $5,000.00 by means of false and fraudulent pretenses and representations, for the purpose of executing the scheme, did induce Gift Ngo to travel in interstate commerce on or about April 11, 2007, from Lucas County, Ohio, to Oakland County or St. Clair County, Michigan, in the Eastern District of Michigan, Southern Division, in violation of Sections 2314 and 2 of Title 18 of the United States Code.

## COUNT THREE
(18 U.S.C. § 2314 – Travel Fraud)

D-1   HOLLIE E. MAJEWSKI
D-2   CHRISTOPHER Z. MAJEWSKI

24. Port Harcourt Consulting Group, LLC (Port Harcourt) was an Ohio limited liability company based in Toledo, Ohio. Gift Ngo, a resident of Lucas County, Ohio, was a principal of Port Harcourt.

25. HOLLIE E. MAJEWSKI and CHRISTOPHER Z. MAJEWSKI devised and participated in a scheme to defraud Gift Ngo and obtain money by means of false and fraudulent pretenses and representations.

26. It was a part of the scheme that HOLLIE E. MAJEWSKI and CHRISTOPHER Z. MAJEWSKI would represent to Gift Ngo that they needed $500,000.00 from him

to secure a letter of credit from a bank to back the shipment of diesel fuel by GLOBAL POSITIONING CONSULTANTS from Russia to China and/or Germany.

27. It was also a part of the scheme that Gift Ngo and HOLLIE E. MAJEWSKI and CHRISTOPHER Z. MAJEWSKI would sign an Agreement to Appoint Member prepared by HOLLIE E. MAJEWSKI and/or CHRISTOPHER Z. MAJEWSKI, signed May 8, 2007, which made Ngo "a full partner in GPC [Global Positioning Consultants] in consideration for $500,000.00" and provided that "[t]he assets of the Company [Global Positioning Consultants] and Christopher Majewski shall guarantee these funds for 60 days, or after the completion of the first deal, which ever is soonest. This guarantee includes the interest and penalties that were incurred to acquire the funds." The Agreement to Appoint Member also provided, "All transactions must be transparent, all parties must have documents of all transactions."

28. It was also a part of the scheme that HOLLIE E. MAJEWSKI and CHRISTOPHER Z. MAJEWSKI would allow Gift Ngo to add his name to the checking account of GLOBAL POSITIONING CONSULTANTS at National City Bank as an authorized signer, and that they did so to provide assurance to Gift Ngo that he would be able to see how the money he was about to provide to them was used.

29. It was also a part of the scheme that the money Gift Ngo provided to HOLLIE E. MAJEWSKI and CHRISTOPHER Z. MAJEWSKI – a check payable to GLOBAL POSITIONING CONSULTANTS, LLC dated May 8, 2007, in the amount of

$500,000.00, drawn on the checking account of Port Harcourt – would not be deposited into the National City Bank account described above but rather into the checking account of GLOBAL POSITIONING CONSULTANTS at LaSalle Bank, whose sole authorized signer was HOLLIE E. MAJEWSKI.

30. It was also a part of the scheme that HOLLIE E. MAJEWSKI and CHRISTOPHER Z. MAJEWSKI would use the $500,000.00 for purposes completely unrelated to facilitating the shipment of diesel fuel by GLOBAL POSITIONING CONSULTANTS from Russia to China and/or Germany.

31. HOLLIE E. MAJEWSKI and CHRISTOPHER Z. MAJEWSKI, defendants herein, having devised a scheme to defraud Gift Ngo and obtain money having a value of over $5,000 by means of false and fraudulent pretenses and representations, for the purpose of executing the scheme, did induce Gift Ngo to travel in interstate commerce on or about May 8, 2007, from Lucas County, Ohio, to St. Clair County, Michigan, in the Eastern District of Michigan, Southern Division, in

violation of Sections 2314 and 2 of Title 18 of the United States Code.

THIS IS A TRUE BILL.

 s/Grand Jury Foreperson
*Foreperson*

TERRENCE BERG
*United States Attorney*

s/Stephen L. Hiyama
STEPHEN L. HIYAMA
*Assistant United States Attorney*
211 West Fort Street, Suite 2001
Detroit, Michigan  48226-3220
phone:  313-226-9674
e-mail:  stephen.hiyama@usdoj.gov
bar no.:  P32236

Date:  July 2, 2009

## Criminal Case Co

**United States District Court**
**Eastern District of Michigan**

Case: 5:09-cr-20297
Judge: O'Meara, John Corbett
MJ: Morgan, Virginia M
Filed: 07-02-2009 At 04:03 PM
INDI USA V. SEALED MATTER (DA)

**NOTE:** It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10(b)(4)[1]: | Judge Assigned: |
| ☐ Yes  ☒ No | AUSA's Initials: |

**Case Title:** USA v. **D-1 HOLLIE E. MAJEWSKI** ET AL.

**County Where Offense Occurred:** ST. CLAIR

**Check One:** ☒ Felony  ☐ Misdemeanor  ☐ Petty Offense

☐ Indictment            ☐ Information
☒ Indictment            ☐ Information
☐ Superseding Indictment  ☐ Superseding Information

no prior complaint.
based on prior complaint [Case Number: 07-MJ-30324 ].
based on LCrR 57.10(d) *[Complete superseding case section below.]*

### Superseding Case Information:

**Superseding to Case Number:** _____    **Judge:** _____

☐ Original case was terminated; no additional charges or defendants.
☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

**Additonal Defendant(s)**        **Additional Charge(s)**        **Pending Complaint No.**

Please take notice that the AUSA listed below is the attorney of record for this case.

_July 2, 2009_
Date

STEPHEN L. HIYAMA (P32236)
Assistant United States Attorney          phone:  313-226-9674
e-mail:  stephen.hiyama@usdoj.gov     fax:      313-226-2873

[1] Companion cases are "cases in which it appears that: (i) substantially similar evidence will be offered at trial, or (ii) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated." LCrR 57.10(b)(4).

*January 2009*