


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FILED**

AUG - 4 2011

CLERK'S OFFICE-DETROIT-PSG
U.S. DISTRICT COURT

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

D-1  HOLLIE E. MAJEWSKI,
D-3  EDDIE ORAH, and
D-4  AUSTIN GOMAN,

    Defendants.
_____/

No. 09-CR-20297

HON. JOHN CORBETT O'MEARA

VIO:  18 U.S.C. § 371
       18 U.S.C. § 2314
       18 U.S.C. § 1344

## FIRST SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

### GENERAL ALLEGATIONS

1. HOLLIE E. MAJEWSKI, defendant herein, and Christopher Z. Majewski, wife and husband, owned, operated, and controlled several business entities based in St. Clair County, Michigan, including

    GREAT LAKES DISTRIBUTION AND BROKERAGE, LLC,

    CREATIVE PRECISION, LLC,

    LEGENDS PERFORMANCE, LLC.

    GLOBAL POSITIONING CONSULTANTS, LLC, and

DIVERSIFIED GLOBAL MANAGEMENT, LLC,

The offices of these Michigan limited liability companies were located in Algonac, Marine City, and Ira Township, Michigan.

2. HOLLIE E. MAJEWSKI was also known as "Hollie Majewski," "Hollie Conklin-Majewski," and "Hollie E. Conklin-Majewski."

## COUNT ONE
(18 U.S.C. § 371 – Conspiracy to Transfer
Money Taken by Fraud in Interstate Commerce)

D-1   HOLLIE E. MAJEWSKI

3. Spartan Finance Company was based in Oakland County, Michigan, and owned and operated by Donald L. Foehr. Spartan Finance factored the accounts receivable of a number of businesses. Factoring is a form of commercial finance in which a business sells its accounts receivable (in the form of invoices) at a discount to the factor company, in this case, Spartan Finance. This allows the business to obtain cash immediately for its accounts receivable and avoid the risk of late payment or non-payment by its customers.

4. In April 2003, Spartan Finance and GREAT LAKES DISTRIBUTION AND BROKERAGE, LLC ("GREAT LAKES"), entered into an Accounts Receivable Purchase Agreement, which was signed by Donald Foehr and HOLLIE MAJEWSKI. The Agreement was personally guaranteed by HOLLIE E. MAJEWSKI and

Christopher Z. Majewski. Under the Agreement, Spartan Finance would purchase the accounts receivable of GREAT LAKES at a discount from their face value. GREAT LAKES represented that "each account receivable" purchased by Spartan Finance was "based on an actual sale and delivery of goods" and "is presently due and owing to Seller," i.e., to GREAT LAKES. The accounts receivable of GREAT LAKES took the form of GREAT LAKES invoices addressed to its customers.

5. From approximately August 2003 through approximately November 2004, the exact dates being unknown, the GREAT LAKES invoices sold to Spartan Finance and provided to Donald Foehr by HOLLIE E. MAJEWSKI and Christopher . Majewski were fictitious, as HOLLIE E. MAJEWSKI well knew.

6. During the same period, HOLLIE E. MAJEWSKI, defendant herein, and Christopher Z. Majewski did conspire with each other to transfer and cause to be transferred in interstate and foreign commerce money having an aggregate value of more than $5,000.00, in the form of wire transfers and checks, knowing that the money had been obtained by fraud.

## Overt Acts

7. On or about May 10, 2004, for the purpose of furthering the conspiracy, HOLLIE E. MAJEWSKI signed a wire transfer authorization that authorized Citizens First Savings Bank, at which a checking account was maintained in the name of

GREAT LAKES, to transfer $12,121.40 by wire to an account of Pasta Granoro at Banca Intessa in the Country of Italy.

8. On or about June 23, 2004, for the purpose of furthering the conspiracy, HOLLIE E. MAJEWSKI prepared or caused to be prepared a GREAT LAKES check in the amount of $8,561.09 payable to Fernbrook [Springs] and caused that check to be sent to Fernbrook Spings, a business located in the Province of Ontario.

9. On or about July 14, 2004, for the purpose of furthering the conspiracy, HOLLIE E. MAJEWSKI prepared or caused to be prepared a GREAT LAKES check in the amount of $10,202.00 payable to 3 Springs Water Co. and caused that check to be sent to 3 Springs Water Co., a business located in the State of Pennsylvania.

10. On or about July 21, 2004, for the purpose of furthering the conspiracy, HOLLIE E. MAJEWSKI prepared or caused to be prepared a GREAT LAKES check in the amount of $10,370.00 payable to 3 Springs Water Co. and caused that check to be sent to 3 Springs Water Co., a business located in the State of Pennsylvania.

11. On or about July 21, 2004, for the purpose of furthering the conspiracy, HOLLIE E. MAJEWSKI signed a wire transfer authorization that authorized Citizens First Savings Bank, at which a checking account was maintained in the name of GREAT LAKES, to transfer $10,000.00 by wire to an account of Joe Zrostlik –

QCSA at First Central Bank in the State of Iowa.

12. On or about July 28, 2004, for the purpose of furthering the conspiracy, HOLLIE E. MAJEWSKI prepared or caused to be prepared a GREAT LAKES check in the amount of $10,584.00 payable to 3 Springs Water Co. and caused that check to be sent to 3 Springs Water Co., a business located in the State of Pennsylvania.

13. On or about August 16, 2004, for the purpose of furthering the conspiracy, HOLLIE E. MAJEWSKI prepared or caused to be prepared a GREAT LAKES check in the amount of $15,000.00 payable to 3 Springs Water Co. and caused that check to be sent to 3 Springs Water Co., a business located in the State of Pennsylvania.

14. On or about August 31, 2004, for the purpose of furthering the conspiracy, HOLLIE E. MAJEWSKI prepared or caused to be prepared a GREAT LAKES check in the amount of $6,186.00 payable to 3 Springs Water Co. and caused that check to be sent to 3 Springs Water Co., a business located in the State of Pennsylvania.

All in violation of Sections 371 and 2314 of Title 18 of the United States Code.

## COUNT TWO
(18 U.S.C. § 1344 – Bank Fraud)

D-1   HOLLIE E. MAJEWSKI

15. From approximately March 2005 through approximately August 2008, HOLLIE E. MAJEWSKI, defendant herein, and Christopher Z. Majewski, her husband, did knowingly execute and attempt to execute a scheme to defraud several "financial institutions" within the meaning of 18 U.S.C. § 20.

16. At all relevant times, the deposits of KeyBank, N.A.; Bank of America, N.A.; and Bank of the West were insured by the Federal Deposit Insurance Corporation.

17. It was a part of the scheme that HOLLIE E. MAJEWSKI and Christopher Z. Majewski would persuade others to apply for loans to purchase boats from CREATIVE PRECISION, LLC, a business located in St. Clair County that was owned and/or operated by HOLLIE E. MAJEWSKI and Christopher Z. Majewski.

18. It was also a part of the scheme that each loan application and other documents that were submitted to the loan broker and/or lender contained one or more of the following false and fraudulent pretenses and representations:

- the borrower's income was substantially inflated,

- the borrower did not actually make a down payment to CREATIVE PRECISION,

- CREATIVE PRECISION did not actually pay any sales tax to the State of

Michigan,

- when the loan application was submitted, the boat that the borrower was supposed to be purchasing, which in most cases was described as "new," did not exist or was a mere hull that could not be used as a boat,

- the collateral to secure the loan, i.e., the boat, did not exist or was a mere hull worth only a fraction of the loan amount,

- the boat was not insured, and

- no boat was ever delivered to the borrower.

19. It was also a part of the scheme that HOLLIE E. MAJEWSKI and Christopher Z. Majewski would receive the boat loan proceeds but would not use those funds as payment for the expenses of manufacturing or renovating the boats referred to in the loan applications; instead, they would divert the boat loan proceeds to, among other things, pay unrelated personal expenses and unrelated business expenses.

20. It was also a part of the scheme that HOLLIE E. MAJEWSKI and Christopher Z. Majewski would themselves make the monthly loan payments to the lenders, or cause them to be made, to give the lenders a false sense of security about their loans.

21. In March and April 2005 and thereafter, in the Eastern District of Michigan, Southern Division, HOLLIE E. MAJEWSKI, defendant herein, and Christopher Z. Majewski, her husband, did knowingly execute and attempt to

execute a scheme to defraud KeyBank, N.A., through the loan broker eBoatLoans, in connection with the purported sale by CREATIVE PRECISION of a boat to Herbert Crenshaw, in violation of Section 1344 of Title 18 of the United States Code.

## COUNT THREE
(18 U.S.C. § 1344 – Bank Fraud)

D-1   HOLLIE E. MAJEWSKI

22. Paragraphs 15-20 above are hereby re-alleged and incorporated by reference.

23. In March and April 2005 and thereafter, in the Eastern District of Michigan, Southern Division, HOLLIE E. MAJEWSKI, defendant herein, and Christopher Z. Majewski, her husband, did knowingly execute and attempt to execute a scheme to defraud Bank of America, N.A., through the loan broker eBoatLoans, in connection with the purported sale by CREATIVE PRECISION of a boat to Charles Kessler, in violation of Section 1344 of Title 18 of the United States Code.

## COUNT FOUR
(18 U.S.C. § 1344 – Bank Fraud)

D-1   HOLLIE E. MAJEWSKI


24. Paragraphs 15-20 above are hereby re-alleged and incorporated by reference.

25. From January through April 2006, and thereafter, in the Eastern District of Michigan, Southern Division, HOLLIE E. MAJEWSKI, defendant herein, and Christopher Z. Majewski, her husband, did knowingly execute and attempt to execute a scheme to defraud Bank of America, N.A., through the loan broker eBoatLoans, in connection with the purported sale by CREATIVE PRECISION of a boat to Peter Kulongowski, in violation of Section 1344 of Title 18 of the United States Code.

## COUNT FIVE
(18 U.S.C. § 1344 – Bank Fraud)

D-1   HOLLIE E. MAJEWSKI

26. Paragraphs 15-20 above are hereby re-alleged and incorporated by reference.

27. From January through April 2006, and thereafter, in the Eastern District of Michigan, Southern Division, HOLLIE E. MAJEWSKI, defendant herein, and Christopher Z. Majewski, her husband, did knowingly execute and attempt to execute a scheme to defraud Bank of America, N.A., through the loan broker eBoatLoans, in connection with the purported sale by CREATIVE PRECISION of a

boat to Pamela Puchalski, in violation of Section 1344 of Title 18 of the United States Code.

## COUNT SIX
(18 U.S.C. § 1344 – Bank Fraud)

D-1    HOLLIE E. MAJEWSKI

28. Paragraphs 15-20 above are hereby re-alleged and incorporated by reference.

29. From June through July 2006, and thereafter, in the Eastern District of Michigan, Southern Division, HOLLIE E. MAJEWSKI, defendant herein, and Christopher Z. Majewski, her husband, did knowingly execute and attempt to execute a scheme to defraud KeyBank, N.A. in connection with the purported sale by CREATIVE PRECISION of a boat to John Colombo, in violation of Section 1344 of Title 18 of the United States Code.

## COUNT SEVEN
(18 U.S.C. § 1344 – Bank Fraud)

D-1    HOLLIE E. MAJEWSKI

30. Paragraphs 15-20 above are hereby re-alleged and incorporated by reference.

31. From November through December 2006, and thereafter, in the

Eastern District of Michigan, Southern Division, HOLLIE E. MAJEWSKI, defendant herein, and Christopher Z. Majewski, her husband, did knowingly execute and attempt to execute a scheme to defraud Bank of the West, N.A., through its subsidiary Essex Credit Corporation, in connection with the purported sale by CREATIVE PRECISION of a boat to Charles Kessler, in violation of Section 1344 of Title 18 of the United States Code.

## COUNT EIGHT
(18 U.S.C. § 2314 – Travel Fraud)

- D-1  HOLLIE E. MAJEWSKI
- D-3  EDDIE ORAH
- D-4  AUSTIN GOMAN

32. Port Harcourt Consulting Group, LLC (Port Harcourt) was an Ohio limited liability company based in Toledo, Ohio. Gift Ngo, a resident of Lucas County, Ohio, was a principal of Port Harcourt.

33. THE GOMAN GROUP, INC. was a Michigan corporation based in Southfield, Michigan. AUSTIN GOMAN was a principal of the GOMAN GROUP.

34. HOLLIE E. MAJEWSKI, EDDIE ORAH, and AUSTIN GOMAN, defendants herein, and Christopher Z. Majewski devised and participated in a scheme to defraud Gift Ngo and Port Harcourt and obtain money by means of false and fraudulent pretenses and representations.

35. It was a part of the scheme that one or more of the defendants would represent to Gift Ngo that funds were needed to obtain a letter of credit to back the purchase of 20,000 metric tons of diesel fuel; that the 20,000 metric tons of diesel fuel was part of a shipment of 50,000 metric tons of diesel fuel being shipped from Russia to Nigeria; that the 20,000 metric tons would be sold by GLOBAL POSITIONING CONSULTANTS to Port Harcourt at $430.00 per metric ton; that Port Harcourt in turn would sell the fuel to a buyer secured by the GOMAN GROUP at $490.00 per metric ton; and that Gift Ngo and Port Harcourt would profit from the spread.

36. It was also a part of the scheme that one or more of the defendants would represent to Gift Ngo that the letter of credit was to be in the amount of $9.8 million (which is $490.00 per metric ton multiplied by 20,000 metric tons), and that the cost of securing the letter of credit, or performance bond, would be two percent of $9.8 million, or $196,000.00.

37. It was also a part of the scheme that Gift Ngo and EDDIE ORAH would sign an Agreement that stated, among other things, "If the transaction did not go through Mr Ngo will contact Orah and Orah agrees to refund $196,000 within 7 days of the notice through phone call or letter."

38. It was also a part of the scheme that Gift Ngo would provide to EDDIE ORAH a check payable to EDDIE ORAH dated April 11, 2007, in the amount of

$196,000.00, drawn on the checking account of Port Harcourt.

39. It was also a part of the scheme that there would be no shipment of 50,000 metric tons of diesel fuel from Russia to Nigeria as had been represented to Gift Ngo.

40. It was also a part of the scheme that the $196,000.00 would not be used to secure a $9.8 million letter of credit, and that it would not be returned to Gift Ngo.

41. HOLLIE E. MAJEWSKI, EDDIE ORAH, and AUSTIN GOMAN, defendants herein, and Christopher Z. Majewski, having devised a scheme to defraud Gift Ngo and Port Harcout and obtain money having a value of over $5,000.00 by means of false and fraudulent pretenses and representations, for the purpose of executing the scheme, did induce Gift Ngo to travel in interstate commerce on or about April 11, 2007, from Lucas County, Ohio, to Oakland County or St. Clair County, Michigan, in the Eastern District of Michigan, Southern Division, in violation of Sections 2314 and 2 of Title 18 of the United States Code.

## COUNT NINE
(18 U.S.C. § 2314 – Travel Fraud)

D-1    HOLLIE E. MAJEWSKI

42. Port Harcourt Consulting Group, LLC (Port Harcourt) was an Ohio

limited liability company based in Toledo, Ohio. Gift Ngo, a resident of Lucas County, Ohio, was a principal of Port Harcourt.

43. HOLLIE E. MAJEWSKI, defendant herein, and Christopher Z. Majewski devised and participated in a scheme to defraud Gift Ngo and obtain money by means of false and fraudulent pretenses and representations.

44. It was a part of the scheme that HOLLIE E. MAJEWSKI and Christopher Z. Majewski would represent to Gift Ngo that they needed $500,000.00 from him to secure a letter of credit from a bank to back the shipment of diesel fuel by GLOBAL POSITIONING CONSULTANTS from Russia to China and/or Germany.

45. It was also a part of the scheme that Gift Ngo and HOLLIE E. MAJEWSKI and Christopher Z. Majewski would sign an Agreement to Appoint Member prepared by HOLLIE E. MAJEWSKI and/or Christopher Z. Majewski, signed May 8, 2007, which made Ngo "a full partner in GPC [Global Positioning Consultants] in consideration for $500,000.00" and provided that "[t]he assets of the Company [Global Positioning Consultants] and Christopher Majewski shall guarantee these funds for 60 days, or after the completion of the first deal, which ever is soonest. This guarantee includes the interest and penalties that were incurred to acquire the funds." The Agreement to Appoint Member also provided, "All transactions must be transparent, all parties must have documents of all transactions."

46. It was also a part of the scheme that HOLLIE E. MAJEWSKI and

Christopher Z. Majewski would allow Gift Ngo to add his name to the checking account of GLOBAL POSITIONING CONSULTANTS at National City Bank as an authorized signer, and that they did so to provide assurance to Gift Ngo that he would be able to see how the money he was about to provide to them was used.

47. It was also a part of the scheme that the money Gift Ngo provided to HOLLIE E. MAJEWSKI and Christopher Z. Majewski – a check payable to GLOBAL POSITIONING CONSULTANTS, LLC dated May 8, 2007, in the amount of $500,000.00, drawn on the checking account of Port Harcourt – would not be deposited into the National City Bank account described above but rather into the checking account of GLOBAL POSITIONING CONSULTANTS at LaSalle Bank, whose sole authorized signer was HOLLIE E. MAJEWSKI.

48. It was also a part of the scheme that HOLLIE E. MAJEWSKI and Christopher Z. Majewski would use the $500,000.00 for purposes completely unrelated to facilitating the shipment of diesel fuel by GLOBAL POSITIONING CONSULTANTS from Russia to China and/or Germany. For example, in July and October 2007, they used $70,000.00 of the $500,000.00 to repay Spartan Finance Company, referred to Paragraphs 3-14 above (which are hereby re-alleged and incorporated by reference), in connection with a civil judgment obtained by Spartan Finance Company and its president, Donald Foehr, against HOLLIE E. MAJEWSKI, Christopher Z. Majewski, and GREAT LAKES DISTRIBUTION

AND BROKERAGE, LLC.

49. HOLLIE E. MAJEWSKI, defendant herein, and Christopher Z. Majewski, having devised a scheme to defraud Gift Ngo and obtain money having a value of over $5,000 by means of false and fraudulent pretenses and representations, for the purpose of executing the scheme, did induce Gift Ngo to travel in interstate commerce on or about May 8, 2007, from Lucas County, Ohio, to St. Clair County, Michigan, in the Eastern District of Michigan, Southern Division, in

violation of Sections 2314 and 2 of Title 18 of the United States Code.

THIS IS A TRUE BILL.

s/Grand Jury Foreperson
*Grand Jury Foreperson*

BARBARA L. MCQUADE
*United States Attorney*

s/ Ross I. MacKenzie
ROSS I. MACKENZIE
Chief, Complex Crimes Unit
*Assistant United States Attorney*
211 West Fort Street, Suite 2001
Detroit, Michigan 48226-3220
phone: 313-226-9680
e-mail: ross.mackenzie@usdoj.gov

s/ Stephen L. Hiyama
STEPHEN L. HIYAMA
*Assistant United States Attorney*
211 West Fort Street, Suite 2001
Detroit, Michigan 48226-3220
phone: 313-226-9674
e-mail: stephen.hiyama@usdoj.gov
bar no.: P32236

Date: August 4, 2011

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case Number<br>09-cr-20297 |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

**Reassignment/Recusal Information** This matter was opened in the USAO prior to August 15, 2008   [ ]

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes   ☒ No | AUSA's Initials: SLH |

**FILED**
**AUG - 4 2011**
CLERK'S OFFICE-DETROIT
U.S. DISTRICT COURT

**Case Title:** USA v. D-1 HOLLIE MAJEWSKI ET AL.

**County where offense occurred :** ST. CLAIR

**Check One:**   ☐ Felony   ☐ Misdemeanor   ☐ Petty

____ Indictment/ ____ Information --- **no** prior complaint.

____ Indictment/ ____ Information --- based upon prior complaint [Case number: ]

 X  Indictment/ ____ Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** 09-CR-20297          **Judge:** O'MEARA

☐   Original case was terminated; no additional charges or defendants.
☐   Corrects errors; no additional charges or defendants.
☐   Involves, for plea purposes, different charges or adds counts.
☒   Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
|  | 18 U.S.C. §1344 |  |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

AUGUST 4, 2011
Date

STEPHEN L. HIYAMA
ASSISTANT UNITED STATES ATTORNEY
211 W. FORT STREET, SUITE 2001
DETROIT, MI 48226-3277
PHONE: (313) 226-9674
FAX: (313) 226-0816
E-MAIL ADDRESS: STEPHEN.HIYAMA@USDOJ.GOV

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

10/13/09