UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,               CR. NO.   09-20297

v.

                                    JUDGE: CORBETT JOHN O'MEARA

HOLLIE E. MAJEWSKI,

        Defendant.

        _____/

**MOTION TO SEVER COUNT ONE FROM COUNTS
TWO THROUGH SEVEN AND COUNTS EIGHT AND NINE**

    Defendant HOLLIE E. MAJEWSKI, through her counsel Andrew N. Wise of the Federal Defender Office, moves this Court, pursuant to Federal Rules of Criminal Procedure 8 and 14, to enter an Order directing that Count One of the Indictment be tried separately from Counts Two through Seven and separately from Counts Eight and Nine. Defendant files a supporting brief and states as follows:

    1)    Defendant is charged in a nine count First Superseding Indictment[1]. Count One alleges that, from August 2003 through November 2004, Defendant along with her husband Christopher Majewski conspired to transfer funds taken by fraud in interstate commerce in violation of 18 U.S.C. §§ 371 and 2314. Counts Two through Seven allege that Defendant engaged in a series of transactions designed to defraud financial institutions

---

[1] Ms. Majewski was originally charged in a three Count Indictment. The First Superseding Indictment added Counts Two through Seven. Count One is identical in both indictments. Counts Eight and Nine of the First Superseding Indictment where charged as Counts Two and Three of the original Indictment. Ms. Majewski filed a Motion to Sever relating to the Original Indictment which the Court denied.

in connection with loans for the purchases of boats. Count Eight alleges that, on April 11, 2007, Defendant, along with Eddie Orah and Austin Goman[2], induced a Gift Ngo to travel in interstate commerce for the purpose of executing a scheme to defraud in violation of 18 U.S.C. § 2314. Count Nine alleges that, on May 8, 2007, Defendant and induced Gift Ngo to travel in interstate commerce for the purpose of executing a scheme to defraud in violation of 18 U.S.C. § 2314.

    2)    Rule 8(a) of the Federal Rules of Criminal Procedure provides that;

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

    3)    Rule 14 of the Federal Rules of Criminal Procedure provides that:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

    4)    Joinder of Count One with Counts Two through Seven and Counts Eight and Nine is improper under Rule 8.

    5)    Alternatively, joinder of Count One with Counts Two through Seven and Counts Eight and Nine for trial would result in prejudice to Defendant and severance is appropriate under Rule 14.

---

[2] Eddie Orah and Austin Goman's whereabouts are unknown.

6) Pursuant to Local Rule 7.1(a), counsel for Defendant has sought the concurrence of counsel for the government in this Motion. Such concurrence has not be obtained.

For these reasons, Defendant Hollie Majewski respectfully request that this Court enter an Order severing Count One from Counts Two through Seven and Eight and Nine for trial.

Respectfully Submitted,

**FEDERAL DEFENDER OFFICE**
LEGAL AID & DEFENDER ASSN., INC.
Attorneys for Defendant

s/ Andrew N. Wise
613 Abbott St., 5th Floor
Detroit, MI 48226
Phone: (313) 967-5830
E-mail: andrew_wise@fd.org
P 47003

Date:  September 13, 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      CR. NO.   09-20297

v.

                                      JUDGE: CORBETT JOHN O'MEARA

HOLLIE E. MAJEWSKI,

        Defendant.

_____/

**BRIEF IN SUPPORT OF MOTION TO SEVER COUNT ONE FROM
COUNTS TWO THROUGH SEVEN AND COUNT EIGHT AND NINE**

BACKGROUND

On July 2, 2009, a grand jury returned a three count Indictment. The Indictment charges that Defendant Hollie Majewski engaged in three seperate schemes to defraud. Count One alleges that, from August 2003 through November 2004, Ms. Majewski along with her late husband conspired to defraud Spartan Finance and Donald Foehr in violation of 18 U.S.C. §§ 371 and 2314. This fraud was purportedly accomplished by the submission of fictitious invoices to Spartan Finance. Counts Two through Seven allege that, from March 2005 through August 2008, Ms. Majewski and her late husband engaged in schemes to defraud financial institutions in connection with obtaining loans for the purchases of boats. Count Eight alleges that, on April 11, 2007, Ms. Majewski, her late husband, and two others induced Gift Ngo to travel in interstate commerce for the purpose of executing a scheme to defraud in violation of 18 U.S.C. § 2314. This scheme to defraud purportedly involved a payment of $196,000.00 to defendant Eddie Orah in order to secure a performance bond in connection with a transaction for diesel fuel. Count Nine alleges that on May 8, 2007, Ms. Majewski and her late husband induced Mr. Ngo to again travel in interstate commerce for the purpose of executing a scheme to defraud in violation of 18 U.S.C. § 2314. This scheme purportedly involved a payment of $500,000 by Mr. Ngo in connection with obtaining an interest in the Majewski's company.

ARGUMENT

Count One and Counts Two through Seven and Counts Eight and Nine bear no similarities other than they allege schemes to defraud by Ms. Majewski and her late husband Christopher Majewski. They are separated by time, involve different alleged victims and

1

very different types of alleged schemes.  As such they are improperly joined together in the single Indictment in this case in violation of Federal Rule of Criminal Procedure 8.

Federal Rule of Criminal Procedure 8(a) governs joinder and provides as follows:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed.R.Crim.P. 8(a).  Rule 14 of the Federal Rules of Criminal Procedure recognizes that joinder, even when proper under Rule 8(b), may prejudice a defendant and provides as follows: "If it appears that a defendant... is prejudiced by a joinder of offenses... in an indictment... the court may order... separate trials of counts... or provide whatever other relief justice requires."  Fed. R. Crim.P. 14.

"Failure to meet the requirements of... rule [8] constitutes misjoinder as a matter of law." *United States v. Hatcher*, 680 F.2d 438, 440 (6th Cir. 1982).  If the joinder of offenses does not comply with Rule 8, the district court has "no discretion on the question of severance."  *Id.* at 441; see also Charles Alan Wright, 1A Federal Practice & Procedure: Criminal § 145, at 89-90 (3d ed. 1999)("Misjoinder of offenses... raises only a question of law.  If there has been misjoinder, the trial court has no discretion to deny the motion.").

"Whether joinder was proper under Rule 8(a) is determined by the allegations on the face of the indictment."  *United States v. Chavis*, 296 F.3d 450, 456 (6th Cir. 2002).  In this case, the Indictment alleges that Ms. Majewski engaged in nine separate schemes to defraud.  The first, as charged in Count One, involved the submission of fictitious invoices to Great Lakes Financial and Donald Foehr in 2003 and 2004.  The second through seventh, involve

applications for loans to purchase boats from 2005 to 2008. The eighth and ninth, involve misrepresentations made in 2007 to Gift Ngo relating to a purchase of diesel fuel and the acquisition of an interest in a company owned by the Majewskis. The alleged schemes span three years in time, involve different victims and different *modus operandi*.

Rule 8 requires something more than "thematic" commonality, as in the offenses derive from the same body of law, to justify joinder. *United States v. Jawara*, 474 F.3d 565, 572 (9th Cir.2007) (common ground of "immigration law" between counts charging defendant with document fraud related to his asylum and conspiracy to commit marriage fraud was insufficient to justify joinder).

There does not appear to be any overlap in the evidence necessary to prove the offense alleged in Count One with those alleged in Counts Two through Seven and Counts Eight and Nine. *Chavis,* 296 F.3d at 459; *United States v. Terry*, 911 F.2d 272, 276 (9th Cir. 1990). And the face of the indictment indicates no nexus between the charges. *Id.*; *United States v. Hubbard*, 61 F.3d 1261, 1271 (7th Cir. 1995).

For these reasons, Count One is improperly joined in the Indictment with Counts Two through Seven and Counts Eight and Nine.

Alternatively, should the Court find that joinder is proper under Rule 8, the Court should sever Count One from Counts Two through Seven and Counts Eight and Nine under Rule 14. Should all the Counts be tried together, Ms. Majewski runs the risk that the jury will not be able to separate the various schemes alleged and if they find her guilty of one count, it will inevitably find her guilty of the others, regardless of the proofs. This risk cannot be adequately ameliorated by with an appropriate limiting instruction. For these

reasons, severance under Rule 14 is appropriate. *See, United States v. Saks,* 2009 WL 3416217 (C.D. Cal 2009).

    For these reasons, Ms. Majewski respectfully requests that this Court enter an Order severing Count One from Counts Two through Seven and Counts Eight and Nine for trial.

                                                      Respectfully Submitted,

**FEDERAL DEFENDER OFFICE**
Legal Aid & Defender Assn., Inc.
Attorneys for Defendant

s/ Andrew N. Wise
613 Abbott St., 5th Floor
Detroit, MI 48226
Phone: (313) 967-5830
E-mail: andrew_wise@fd.org

Date: September 13, 2011                P 47003

---

**CERTIFICATE OF SERVICE**

I hereby certify that on the above date, the foregoing paper was filed with the clerk of the Court using the ECF system, which will send notification to all counsel of record.

                            s/ Kim Ferranti
                            Paralegal